## MILLARD & Co. v. WEST ET AL.

1. **Mechanic's Lien**: PRIORITY OF LIENS. L. gave a bond for deed to W., and afterward, W. having meanwhile assigned the bond to his wife, executed to the wife a new bond. Prior to the execution of the latter, however, a mechanic's lien accrued upon the interest of W. in the land in favor of M. & Co., of which L. had no notice: *Held*, in an action to foreclose the lien, that the claim of L. was prior thereto, and that the decree should provide for its payment in full, free from the contingency of any reduction by the costs of the foreclosure proceeding.

*Appeal from Des Moines District Court.*

THURSDAY, APRIL 24.

IN the year 1872 the defendant Leebrick, being the owner of a lot in the city of Burlington, executed an agreement with one Tate to sell the same to him, upon payment of a certain sum. Afterward Tate, not having paid the purchase money, sold his interest in the property to the defendant Dean West, and in December, 1874, Leebrick executed to said West a new bond for a deed, agreeing to convey the lot to him upon payment of three hundred and fifty dollars, and interest. Afterward said West, not having paid the purchase money, assigned the bond to the defendant Louisa West, who assumed the payment of the balance due. On the 20th day of September, 1875, Leebrick executed to Louisa West a new bond for a deed, providing for the payment of the balance of the purchase money, and another sum loaned her—the amount altogether being six hundred and twenty-five dollars, drawing ten per cent interest. In June, 1876, Louisa West surrendered her bond to Leebrick, not having paid anything thereon, and Leebrick took possession of the property

In June, 1874, the plaintiffs sold to Dean West and Louisa West one hundred and eighteen dollars' worth of lumber, which was used in the erection of a building upon said lot. Said

lumber was delivered at different times from June 9 to December 5, 1874. The plaintiffs filed a claim for a mechanic's lien on the 15th day of November, 1875. When Leebrick made his title bond to Dean West, and subsequently to Louisa West, he had no knowledge of plaintiffs' claim.

The plaintiffs brought this action to foreclose their mechanic's lien. Upon the foregoing facts the court found that plaintiffs were entitled to a mechanic's lien for one hundred and twenty-eight dollars and twenty-nine cents, and that there was due to Leebrick seven hundred and eighty-five dollars and forty cents, for which he had an equitable lien on said realty for the purchase price and cash loaned. It was decreed that a special execution issue; that said property be sold, and the funds arising therefrom be distributed as follows: *First*, in payment of costs; *second*, in payment to Leebrick of the amount found due him; and, *third*, in payment of plaintiffs' claim.

Leebrick asked the Court to require plaintiffs to pay off the amount due as purchase money by a short day before plaintiffs should sell the lot, and if not paid the right of sale to be barred, or that the costs of sale should be taxed against plaintiffs, if the sale did not bring enough to pay off the purchase price of the lot. The court declined to do this.

The decree was entered October 20, 1877. Afterward, Leebrick ordered a special execution for the sale of the property under the decree. The plaintiffs filed a motion to require the sheriff to return the execution because—"*First*, it was not issued on demand of the party entitled thereto; *second*, Leebrick has no judgment or lien which can be satisfied on execution issued on his behalf, the property levied upon being his; *third*, to sell now would annihilate plaintiff's claim, real estate being low in the market." The motion was sustained, and the execution was ordered returned at Leebrick's cost. On the hearing of this motion no evidence by affidavit or otherwise was introduced. Defendant Leebrick appeals.

*Hall & Baldwin*, for appellant.

*Blake & Hammack*, for appellees.

ROTHROCK, J.—Leebrick has at all times since his agreement with Tate been the holder of the legal title to the lot 1. MECHANIC'S in controversy.  At the time the lumber was fur-
lien: priority
of liens. nished Dean West had an equitable interest, under the bond for a conveyance, upon the payment of the purchase money.  The plaintiffs were entitled to a mechanic's lien upon that interest, but Leebrick, having no notice of the lien, and before the same was filed, made a new bond to Louisa West.  It is not claimed by appellees that the mechanic's lien is superior to the lien of Leebrick.  It is correct, as claimed by counsel for appellees, that plaintiffs had the right to foreclose the mechanic's lien, and if they had made no other parties than those against whom they held the lien, they might have foreclosed and sold their equity; but when they made Leebrick a party defendant, they had no right to a decree for the sale of the whole title to the property, without either providing for the payment of the costs of the sale in case it did not sell for enough to pay the claim of Leebrick, and the cost, or paying off Leebrick's claim before taking special execution for the sale of the property.  In other words, Leebrick is entitled to payment in full of his claim without costs, before plaintiffs can, by a sale, deprive him of his title.

The decree should have been such as to fully protect him in the payment of his claim without the contingency of its being reduced by the costs of a sale.  This decree and the ruling upon the motion to order in the execution, if allowed to stand, would permit the plaintiffs to order an execution at any time within the statute of limitations, and if the property should not sell for enough to pay Leebrick and the costs of sale he must, in effect, pay the costs; and in the meantime, while he is waiting the pleasure of the plaintiffs

to enforce the decree, if he improve the property it must be at his peril. The decree should have required the plaintiffs to pay off Leebrick's lien before proceeding with a sale of the property, and, in the event of their failure to pay within a time to be named, their mechanic's lien should have been barred.

REVERSED.